IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RALPH OVADAL,

               Plaintiff,

  v.                                              MEMORANDUM AND ORDER

CITY OF MADISON WISCONSIN,                  04-C-322-S
RICHARD WILLIAMS, CHRIS PAULSON
and PATRICK GRADY,

               Defendants.
_____

     After trial to the Court in the above entitled matter, the Court stated additional findings of fact and conclusions of law from the bench and entered judgment in favor of defendants.

                              FINDINGS OF FACT

     On September 2, 2003 the plaintiff's display of a large banners and signs created a traffic hazard. Traffic was slowed at rush hour. Officer Fields was in the traffic slowdown and tried to determine that which was causing the slow down. He determined it was the spectacle caused by plaintiff's signs and banners.

     There were many drivers who were angry about the traffic jam which was caused by the spectacle on the overpass. There is no evidence that the drivers were angry at the plaintiff's message. The message was lost on those who were angry about the traffic jam.

     Plaintiff himself testified that he could only assume that his message was the reason the drivers were upset.

Numerous drivers had to slam on their brakes for fear of colliding with the vehicles in front of them. Some near accidents and one actual accident were reported.

After Sgt. Paulson heard numerous complaints about traffic safety he requested advice from Deputy District Attorney Schwaemle. She advised that the group was not entitled to stay on the overpass if its conduct was causing a safety hazard to motorists.

Defendant Paulson testified that he did not ask plaintiff to leave the pedestrian overpass because of his message. He testified that he asked him to leave because of the traffic hazard. He further testified that had there been no traffic hazard he would not have asked plaintiff to leave. He further testified that he had neither the resources nor opportunity to confront the angry drivers on the Beltline.

On Saturday, October 11, 2003 defendant Grady stopped near the pedestrian overpass near Park street because of a traffic slow down to 15 to 20 miles an hour. He approached plaintiff's group on the overpass and asked its members to leave because they were creating a traffic hazard. Defendant Grady would not have stopped had he not observed a traffic slow down.

CONCLUSIONS OF LAW

Plaintiff was not banned from the overpass by defendants Grady, Paulson and City of Madison because of the content of his

message or the response of the drivers to it.  He was asked to leave the overpass because of the spectacle of signs and banners on the overpass was causing a traffic hazard.

The ban was content neutral.  It was based on whether a traffic hazard occurred.  Any group on a pedestrian overpass with signs or banners that created a traffic hazard would have been asked to leave the overpass.

The ban was necessary to serve a compelling governmental interest and narrowly drawn to achieve that purpose of assuring the safety of motorists.

Plaintiff had ample alternative avenues to express his message including the Farmer's market, the green market, the Alliant Center and neighborhood streets.

Plaintiff's First Amendment rights were not violated. See Frisby v. Schultz, 487 U.S. 474, 480-482 (1988).  Defendants are entitled to judgment in their favor.

ORDER

IT IS ORDERED that judgment be entered in favor of defendants against plaintiff dismissing his complaint and all claims contained therein with prejudice and costs.

Entered this 13th day of December, 2005.

BY THE COURT:

S /
_____
JOHN C. SHABAZ
District Judge